UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL BLAKEMAN,

        *Plaintiff*,

v.

RICHARD BLAKEMAN,

        *Defendant*.

**AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION**

Case No.: 13-cv-07348-LTS

    **JUSTIN MERCER**, an attorney admitted to practice law before the courts of the State of New York, affirms the following to be true pursuant to Section 2106 of the New York Civil Practice Laws and Rules ("CPLR") and under the penalties of perjury:

    1.    I am an associate with the law firm Lewis & Lin LLC, attorneys for Plaintiff RACHEL BLAKEMAN ("Plaintiff").

    2.    I am familiar with the facts and circumstances of the instant action based upon records and files maintained by this office and upon Plaintiff's statements.

    3.    I submit this affirmation in support of Plaintiff's motion for sanctions pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent power.

    4.    A true and correct copy of an excerpt from the transcript of the hearing dated March 5, 2012 before Hon. Ellen Gesmer of the New York State Supreme Court is annexed hereto as **Exhibit A**.

    5.    A true and correct copy of the letter dated December 16, 2013 from Defendant's counsel, attaching a copy of the Police Report dated February 15, 2012, is annexed hereto as **Exhibit B**.

    6.    A true and correct copy of the letter dated December 18, 2013 from Plaintiff's counsel that attaches the February 2, 2012 email from Defendant's matrimonial

counsel, Alex Potruch, Esq., to Plaintiff's matrimonial counsel, Marian Shelton, Esq. and the police report dated February 14, 2012 is annexed hereto as **Exhibit C**.

Dated:     Brooklyn, New York
           January 7, 2014

_____
JUSTIN MERCER

# Exhibit A

```
 1
 2     SUPREME COURT OF THE STATE OF NEW YORK
 3     NEW YORK COUNTY:   CIVIL TERM:    PART 24
 4     ------------------------------------------X
       RACHEL BLAKEMAN,                          : Index No.
 5                                                 302293/12
                  Plaintiff(s).                  :
 6
              -against-                          :
 7
       RICHARD BLAKEMAN,                         :
 8
                  Defendant(s).                  :
 9     ------------------------------------------X
                                  71 Thomas Street
10                                New York, New York 10013

11                                March 5, 2012

12     B E F O R E:

13              THE HONORABLE ELLEN GESMER, Justice

14     A P P E A R A N C E S:

15              MARIAN R. SHELTON, ESQ.
                Attorney for the Plaintiff
16              575 Lexington Avenue   4th Floor
                New York, NY    10022
17
                ALEXANDER POTRUCH LLC
18              Attorneys for the Defendant
                666 Old Country Road   Suite 700
19              Garden City, NY    11530
                By: ALEXANDER POTRUCH, ESQ.
20

21
                             JEANETTE LAKE-MASON, CSR, RMR
22                           Official Court Reporter

23

24

25

26

           JEANETTE LAKE-MASON, CSR, RMR, Official Court Reporter
```

```
 1                         Proceedings
 2            MR. POTRUCH:  Thank you for listening, your
 3   Honor.  I've completed my summation.
 4            THE COURT:  Okay.
 5            I find that Ms. Blakeman's testimony was very
 6   credible; and I find, regrettably, that Mr. Blakeman's
 7   testimony was not credible.  Accordingly, I find that
 8   Mr. Blakeman has engaged in a constant and continuing
 9   pattern of yelling at Mrs. Blakeman, berating her both in
10   person and in front of the children, and threatening her;
11   and also that he has refused to leave her to give her any
12   peace in the apartment; and has on several occasions picked
13   a lock of the room where he was -- where she was and
14   entered that room, despite her request that he not do so.
15            I also find that he accessed her computer without
16   her permission and deleted files from her computer without
17   her permission; and that he accessed mail directed to her,
18   including mail containing medications, and took that
19   without her permission.
20            Based on that, I find that Mr. Blakeman committed
21   family offenses, including, but not limited to harassment
22   in the second degree, Penal Law section 240.26 subdivision
23   3, criminal mischief in the fourth degree.  Therefore, I
24   find there's a sufficient basis for entering an order of
25   protection against him, and I do so for a period of one
26   year.

        JEANETTE LAKE-MASON, CSR, RMR, Official Court Reporter
```

```
 1                         Proceedings
 2              This is a complete stay away with a carve-out for
 3     any access time pursuant to an order of this Court or by
 4     agreement of the parties.  I would hope that the parties
 5     can agree on an access schedule, and I'll be happy to so
 6     order it.
 7              If there was any lack of clarity in my previous
 8     order that made Mr. Blakeman uncomfortable with exercising
 9     his access last weekend, that's regrettable and was not my
10     intention; but the permanent order will include a specific
11     carve-out for any agreement with regard to access to the
12     children, which I certainly expect he will have.
13              However, I must caution Mr. Blakeman that it's
14     really critical that he not say anything negative about
15     Mrs. Blakeman to the children, just as I expect
16     Mrs. Blakeman will not say anything negative about him to
17     the children.  But if either party were to say negative
18     things about each other to the children, that would
19     certainly have a major impact on any ultimate access
20     arrangement I will order.
21              I suggest that you might find it helpful to
22     consult with a mental health professional with regard to
23     how to explain this to the children.  Apparently, that has
24     not been done sufficiently.
25              So we need a date to come back to court to
26     proceed further.  Unfortunately, because of the time I'm
```

JEANETTE LAKE-MASON, CSR, RMR, Official Court Reporter

```
 1                        Proceedings
 2   going to have to have -- I'm going to direct
 3   counsel -- I'm going to, unfortunately, have to have the
 4   parties step out.  I am going to direct counsel to serve
 5   the order of protection on his client.
 6           MR. POTRUCH:  Oh, no problem, your Honor.
 7           THE COURT:  So would the parties step out, and
 8   counsel can stay and we'll figure out what to do next.
 9           Counsel, why don't you step up and see if we can
10   figure out a schedule.
11           MS. SHELTON:  Did you say to step up, your Honor?
12           THE COURT:  Yes.
13           (Whereupon, the matter concluded)
14                        *    *    *
15                     C E R T I F I C A T E
16           This is certified to be a true and accurate
17   transcription of the stenographic minutes taken in the
18   above proceedings.
19           JEANETTE LAKE-MASON, CSR, RMR
20           Official Court Reporter
21
22
23
24
25
26
        JEANETTE LAKE-MASON, CSR, RMR, Official Court Reporter
```

# Exhibit B

**ALAN M. NELSON**
ATTORNEY AT LAW

3000 MARCUS AVENUE, SUITE 1E5
LAKE SUCCESS, NEW YORK 11042
TELEPHONE: (516) 328-6200
FAX: (516) 328-6354
E-mail: anelsonlaw@aol.com

NEW YORK OFFICE:
111 JOHN STREET
SUITE 640
NEW YORK, NY 10038

December 16, 2013

BY U.S. & ELECTRONIC MAIL

Justin Mercer, Esq.
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, N.Y. 11201

      Re: Rachel Blakeman v. Richard Blakeman
         13-cv-07348 (LTS)

Dear Mr. Mercer:

    Please accept this correspondence as a response to your e-mail of December 6, 2013. By that correspondence and in our follow-up discussions you, on behalf of your client, have threatened that if Richard Blakeman does not "withdraw the counterclaim and certain baseless denials contained within the Answer" that you shall file a proposed motion pursuant to Rule 11 of the Fed. Rules of Civil Procedure seeking sanctions and attorney fees.

    As I have informed you, the defendant will not withdraw his counterclaim. A factual basis for the counter-claim has at all times relevant existed. As I have previously informed you, Richard Blakeman filed a Domestic Incident Report with the New York City Police Department on February 16, 2012. In that report Mr. Blakeman alleged that on February 7, 2012 he "noticed that my personal non-shared computer had been accessed". When he confronted your client, Rachel Blakeman, she "did not deny it". Mr. Blakeman further reported that upon closer inspection of his personal computer he realized that Rachel Blakeman downloaded and deleted files on his personal computer, which downloaded files included "confidential attorney-client" and "doctor-patient privileged documents".

    As we discussed the report was filed with New York City Police Department by Mr. Blakeman on February 16, 2012, a full year before his Examination Before Trial in the matrimonial action where the allegation of his improperly accessing Rachel Blakeman's computer and e-mail accounts was first asserted. Moreover, the report was filed more than 20 months prior to the allegations Rachel Blakeman raises in the instant complaint.

    Rule 11(b)(3) of the Fed. Rules of Civil Procedure requires that counsel conduct a reasonable inquiry under the circumstances of whether factual contentions made in a pleading have evidentiary support, or will likely have evidentiary support.

Justin Mercer, Esq.
December 16, 2013
Page 2

      The existence of a sworn statement of fact, filed with the New York City Police Department, close to year prior to any allegations of wrongdoing made by your client, clearly comports with and fully satisfies the requirement of reasonable inquiry set forth in Rule 11. Indeed, as discovery will reveal the defendant possesses evidentiary support to demonstrate what materials were improperly downloaded.

      I have enclosed a copy of the Police Report for you and your client's review. (See Exhibit "A"). Having now been provided with the report, you and your client on clear notice that the demand to withdraw the counter-claim because it lacks any evidentiary support is without merit. Therefore by proceeding upon the motion you will be in violation of Rule 11(b)(1) the motion being "presented for an improper purpose, such as harass... or needlessly increase the cost of litigation, (2) because the defendant's claims "are warranted by existing law" and (3) "the factual allegations have evidentiary support".

      Were you to proceed with the threatened motion we shall cross-move pursuant to Rule 11 and seek appropriate attorney fees, pursuant to Rule 11(c)(2). You have been placed on actual notice that the allegations contained in the counter-claim have a factual basis that precedes any motive to fabricate.

      With respect to you complaints concerning the contents of ¶¶ 35 and 38 of the defendant's answer, we are prepared to discuss the modification of the answer to ¶35.

      Kindly advise as to your position at your earliest possible convenience so as to avoid the necessity for the applications discussed herein.

Very truly yours,

Alan Nelson

enclosure

cc: Richard Blakeman

# EXHIBIT "A"

**DOMESTIC INCIDENT REPORT**

| Agency | NYPD | | | | | | | | Incident # | |
|---|---|---|---|---|---|---|---|---|---|---|

| | Month | Day | Year | Time (24 hrs) | Address of Occurrence | APT # | Precinct | CTV | Aided # (NYC) | Complaint # |
|---|---|---|---|---|---|---|---|---|---|---|
| | 2 | 15 | 12 | 1130 | 401 E 74 St | 8F | | | | |
| | 2 | 16 | 12 | 1049 | | | | | | |

○ Officer-Initiated  ○ Radio Run  ☒ Walk-In

**Name (Last, First, M.I.) / (include aliases):** Blakeman Richard

DOB: Month 6 Day 9 Year 64  Age ___  ☒ Male ○ Female

If non-English, language: ○ Spanish ○ Chinese ○ Other: ___

Injured? ☒ No ○ Yes  Describe: ___

Removed to Hospital? ☒ No ○ Yes If yes, what hospital? ___

Race: ☒ White ○ Black ○ Asian ○ Native American ○ Other  ○ Hispanic ○ Non-Hispanic ○ Unknown

**Name (Last, First, M.I.) / (include aliases):** Blakeman Rachel  Phone: 212-472-9108

Street & City: 401 E 74 St  APT: 8F  Zip: ___

DOB: Month 4 Day 30 Year 69  Age ___  ○ Male ☒ Female

If non-English, language: ○ Spanish ○ Chinese ○ Other: ___

Injured? ○ No ○ Yes  Describe: ___

Removed to Hospital? ☒ No ○ Yes If yes, what hospital? ___

Race: ☒ White ○ Black ○ Asian ○ Native American ○ Other  ○ Hispanic ○ Non-Hispanic ○ Unknown

Prior DV History? ☒ Yes ○ No
Prior DV police report? ☒ Yes ○ No
Victim fearful? ○ Yes ☒ No
Access to weapons? ○ Yes ☒ No
Suspect: Drug/Alc History? ○ Yes ☒ No
Suspect: Hx suicide threat? ○ Yes ☒ No
Suspect: Probation/Parole? ○ Yes ☒ No

**SUSPECT/P2 present?** ○ Yes ○ No

**LIVING SITUATION**
- Do parties currently live together? ○ Yes ○ No
- IF NO, have they lived together in the past? ○ Yes ○ No
- Do the parties have a child-in-common? ○ Yes ○ No

**RELATIONSHIP:** (SUSPECT / P2 to VICTIM / P1)
○ Married  ○ Formerly Married
○ Intimate Partner/Dating  ○ Former Intimate/Dating
○ Child of victim/party 1  ○ Parent of victim/party 1
○ Relative: ___  ○ Other: ___

(Check all that apply)
○ Biting
○ Destroyed Property (Estimated $___)
○ Forced Entry
○ Forcible Restraint
○ Hair Pulling
○ Homicide
○ Impaired Alcohol/Drugs
○ Injury to Child
○ Injury to Other Persons
○ Injury to Pet/Animal
○ Interference with Phone
○ Intimidation/Coercion
○ Kicking
○ Punching
○ Pushing
○ Sexual Assault
○ Shooting
○ Slapping
○ Slamming Body
○ Stabbing
○ Strangulation/"Choking"
○ Suicide or Attempt
○ Threw Items
○ Unwanted Contact
○ Verbal Abuse
○ Violated Visitation/Custody Conditions
☒ OTHER Suspect Actions: Dispute

**Threats:** (specify)
○ Injure/Kill Persons
○ Injure/Kill Self
○ Injure/Kill Pet/Animal
○ Take Child
○ Destroy/Take Property
○ Other: ___

○ Threat with weapon
○ Weapons used: (specify)
  ○ Blunt Object
  ○ Gun
  ○ Motor Vehicle
  ○ Sharp Instrument
  ○ Other: ___

**Arrest Made?** ○ Yes ☒ No

Reasons arrest not made on-scene: ☒ No Offense Committed  ○ No Probable Cause  ○ Suspect Off-Scene  ○ Warrant/Criminal Summons to be requested  ○ Violation level: not in police presence (no citizen's arrest)  ○ Other: ___

| | Offenses | Law (e.g. PL) | Section (Sub) | |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

Offenses Involved: (check all that apply) ○ Felony ○ Misdemeanor ○ Violation ○ Other (Specify)
Registry Checked? ○ Yes ○ No
Order of Protection? ○ Yes ○ No
Stay Away Order? ○ Yes ○ No
Order Violated? ○ Yes ○ No
Any PRIOR orders? ○ Yes ○ No

OP Court Name: ___
○ Family ○ Criminal ○ Supreme ○ Out of State ○ Tribal
Expiration Date: Month ___ Day ___ Year ___

**Photos Taken?** ○ Yes ☒ No  IF YES, photos taken of: ○ Victim Injuries ○ Suspect Injuries ○ Scene ○ Damaged Property ○ Other: ___

Other evidence collected? ○ Yes ○ No  IF YES, describe: ___

**Results of investigation and basis of action taken.** (Were excited utterances, spontaneous admissions or spontaneous statements made?) ○ Yes ○ No (Complete 710.30 or other form when applicable).

P1 states he is upset w/ P2 over computer files that P1 states P2 took off his Laptop.

No NAS in home

OTHER AGENCIES involved with the parties or incident (e.g. advocates, hospital, probation): ___

Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment or endangerment? ○ Yes ○ No  IF YES, officer must contact the NYS CHILD ABUSE HOTLINE REGISTRY # 1-800-635-1522

○ Guns in House ○ Guns Seized ○ Has Permit ○ Permit Seized  Issuing County: ___
Permit #(s): ___  Name on Permit(s): ___

CONTACTS INITIATED BY POLICE: ○ Adult Protective Services ○ Child Protective Services (or ACS) ○ Domestic Violence Services ○ Firearms Licensing ○ Mental Health ○ Parole ○ Probation ○ Rape Crisis ○ Other Agency: ___  Date: ___  Who was notified? ___  Notified by (initial): ___

Officer's Signature (& Rank): ___  (PRINT and SIGN) I.D. Raviola 937344  Month 2 Day 16 Year 12

1. Was DIR given to the victim at the scene? ○ Yes ○ No
2. Was Victim Rights Notice given to victim? ○ Yes ○ No
IF NO, give reason: ___

Page ___ of ___

VICTIM / COMPLAINANT COPY  NYS DOMESTIC VIOLENCE HOTLINE  ENGLISH: 1-800-942-6906  SPANISH: 1-800-942-6908  3221-02/2010 DCJS  Copyright © 2008 by NYS

## Page 2 of the NYS Domestic Incident Report:
### STATEMENT OF ALLEGATIONS / SUPPORTING DEPOSITION

**Suspect Name (Last, First, M.I.):** Rachel Blakeman

I, Richard Blakeman (victim/deponent name), state that on 2/7/12, (date) at 6:30 pm
Yo, ___ (nombre de victima/deponente), declaro que en tal fecha ___/___/___ en ___

(location of incident), in the County/City/Town/Village of NYC, of the state of New York, the following did occur:
(donde el incidente ocurrio), el condado/ciudad/aldea/pueblo de ___, del estado de Nueva York, lo siguiente occurio:

When I came home on the evening of Feb 7 after picking up my daughter Sydney ~~from~~ from Hebrew School, I noticed that my personal non shared computer had been accessed. ~~illegible~~ I confronted my wife and she did not deny it. After Tuesday's night incident, 2/15/12 I took a much closer look at what files were downloaded and deleted. I now realize that she downloaded confidential Attorney client privileged documents, and Doctor patient documents. ~~She also deleted some files But~~ I think some files have been deleted but I am unsure which ones at this time.

2/15/12

She took Jewelry and my watch from a shared Safe

(Use additional pages as needed)

False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal Law.
Declaraciones falsas hechas aqui son castigables como una clase de delito menor, de acuerdo con la seccion 210.45 de la ley penal.

Victim/Deponent Signature: Richard Blakeman    Date: 2/16/12
Firma de victima/deponente                     Fecha

Interpreter                                    Date

Witness or Officer                             Date: 2-16-12

# Exhibit C

# LEWIS & LIN LLC

45 Main Street,  Suite 608
Brooklyn, NY  11201-8200
>>>Tel:    (718) 243-9323
>>>Fax:    (718) 243-9326

www.ilawco.com

December 18, 2013

**VIA EMAIL AND US MAIL**
Alan Nelson, Esq.
3000 Marcus Avenue, Suite 1E5
Lake Success, NY 11042
Tel.: (516) 328-6200
Email: anelsonlaw@aol.com

*Blakeman v. Blakeman*
(Case No.: 13-cv-07348-LTS)

Dear Mr. Nelson:

I am writing in response to your letter dated December 16, 2013, in which you decline to withdraw the counterclaims and attach a copy of a police report, which you contend provides evidentiary support for those counterclaims.

As a preliminary matter, the entire factual basis for the counterclaims are self-serving allegations made in a police report, which allegations are not corroborated by any credible evidence.  The above statement does not allege the use of spyware, or the interception of emails.  The above allegations were also curiously omitted from the police report that your client filed on February 14, 2012, in which he falsely reported that Ms. Blakeman had stolen his watch. See attached.  These spurious claims fail to support a cause of action under the Wiretap Act or the Stored Communications Act.

If the above were not enough, the enclosed email dated February 2, 2012 from your client's matrimonial counsel, Alex Potruch, Esq., to Rachel Blakeman's matrimonial counsel, Marian Shelton, Esq., undermines any factual basis for the counterclaims.  That email, which is dated five days before the date on which your client swore that Ms. Blakeman accessed his "personal non shared computer," concedes that the allegedly downloaded files were "easily accessible."  Moreover, Mr. Blakeman's own attorney did not then allege that the computer in question was your client's non-shared *personal* computer, as alleged in the counterclaim.  Again, there were no allegations of spyware or intercepting email communications.

It is also noteworthy that Mr. Blakeman filed a police report accusing Ms. Blakeman of downloading files from his computer only after he had *twice* been caught intercepting Ms. Blakeman's emails and forwarding them to his account.  Combined with your client's deposition testimony, first denying, then admitting his use of spyware to intercept and download our client's email communications, and the Supreme Court's finding that your client's testimony was not credible in issuing a protective order, more than naked reliance on a self-serving police report, which does not even allege facts that support a cause of action under the counterclaims asserted, is necessary to provide a factual basis for the counterclaims.

We strenuously disagree that our motion is being advanced for an improper purpose.  No degree of zealous advocacy can justify reliance on the self-serving, non-corroborated statements of a defendant

2

who has already perjured himself in a related matter, and whose testimony has been found by at least one court to lack credibility.  We respectfully request that you re-think your response to our draft motion.  Should your client not withdraw all of his counterclaims by no later than December 27, 2013, we will move for Rule 11 sanctions.

   Finally, we are available to discuss the above, as well as the answers to paragraphs 35, 38, 48-50, 68-69 and 79, as referenced in our draft motion, at your convenience.

              Regards,

              Justin Mercer, Esq.

2

**From:** Alex Potruch <ap@potruch.com>
**To:** mrsheltonlaw <mrsheltonlaw@aol.com>
**Subject:** Blakeman
**Date:** Thu, Feb 2, 2012 4:55 pm

Marian,

I was distressed to read your email.

Richard has told me that the situation in the house is tense but there is no denigration of each other especially in front of the children.

Your client, as you know, removed files from the computer which were confidential in nature (but easily accessible). I am not critical but what I don't like is that she taunts him on a daily basis; i.e.; "you're gonna be out of here soon…", etc.

He did set up a direct deposit for the insurance and made the payment. This disability policy is paid monthly but was delayed since the doctor did not send the forms. That was finally done yesterday.

There will be no change of the status quo. Richard asked Rachel what bills are due since he does not access the joint bank account. He will pay ½ of the bills as they become due.

I will not barrage you with his description of what has transpired from his vantage point in the recent post. The important thing is that I will you know, speak to him (as you will to her) about keeping everything civil- including giving each other some space.

I will speak to you later.

Regards,

Alexander Potruch
666 Old Country Road
Suite 555
Garden City, New York 11530
516-739-3737 (p)
516-739-3833 (f)
ap@potruch.com

# DOMESTIC INCIDENT REPORT

**Agency:** NYPD

| | Month | Day | Year | Time | Address of Occurrence | | | Spring # (NYC) | Precinct (NYC) | Incident # Sector (NYC) | Complaint # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Occurred | 2 | 14 | 12 | 1130 | 401 E 74 St | | | | | 8F | |
| Report | 2 | 15 | 12 | 906 | | | | | | | |

☐ Officer-Initiated  ☐ Radio Run  ☒ Walk-In

**Name (Last, First, M.I.) / (include aliases):** Blakeman Richard

**DOB:** Month 6 Day 7 Year 64  **Age:** ___  ☒ Male ☐ Female

If non-English, language: ☐ Spanish ☐ Chinese ☐ Other: ___

**Injured?** ☒ No ☐ Yes  **Describe:** ___

**Removed to Hospital?** ☐ No ☐ Yes If yes, what hospital? ___

☒ White ☐ Black ☐ Asian ☐ Hispanic
☐ American Indian ☐ Non-Hispanic
☐ Other: ___ ☐ Unknown

**Name (Last, First, M.I.) / (include aliases):** Blakeman Rachel

**Phone:** 2124737108  **DOB:** Month 4 Day 30 Year 69  **Age:** ___  ☐ Male ☒ Female

**Street & City:** 401 E 74 St  **APT #:** 8F  **Zip:** ___

If non-English, language: ☐ Spanish ☐ Chinese ☐ Other: ___

**Injured?** ☐ No ☐ Yes  **Describe:** ___

**Removed to Hospital?** ☐ No ☐ Yes If yes, what hospital? ___

☒ White ☐ Black ☐ Asian ☐ Hispanic
☐ American Indian ☐ Non-Hispanic
☐ Other: ___ ☐ Unknown

**Prior DV History?** ☐ Yes ☒ No
**Prior DV police report?** ☐ Yes ☒ No
**Victim fearful?** ☒ Yes ☐ No

**Suspect:**
Access to weapons? ☐ Yes ☒ No
Drug/Alcohol history? ☐ Yes ☒ No
Suicide threat history? ☐ Yes ☒ No

## SUSPECT/P2 present?
☐ Yes  ☒ No

## LIVING SITUATION
- Do parties *currently* live together? ☒ Yes ☐ No
- IF NO, have they lived together *in the past*? ☐ Yes ☐ No
- Do the parties have a *child-in-common*? ☒ Yes ☐ No

## RELATIONSHIP: (SUSPECT / P2 to VICTIM / P1)
☒ Married  ☐ Formerly Married
☐ Intimate Partner/Dating  ☐ Former Intimate/Dating
☐ Child of victim/party 1  ☐ Parent of victim/party 1
☐ Relative: ___  ☐ Other: ___

## (Check all that apply)
☐ Biting  ☐ Impaired Alcohol/Drugs  ☐ Pushing  ☐ Threw Items  ☐ Threats: (specify)  ☐ Threat with weapon
☐ Destroyed Property  ☐ Injury to Child  ☐ Sexual Assault  ☐ Unwanted Contact  ☐ Injure/Kill Persons  ☐ Weapons used: (specify)
(Estimated $ ___)  ☐ Injury to Other Persons  ☐ Shooting  ☐ Verbal Abuse  ☐ Injure/Kill Self  ☐ Blunt Object
☐ Forced Entry  ☐ Injury to Pet/Animal  ☐ Slapping  ☐ Violated Visitation/  ☐ Injure/Kill Pet/Animal  ☐ Gun
☐ Forcible Restraint  ☐ Interference with Phone  ☐ Slamming Body  Custody Conditions  ☐ Take Child  ☐ Motor Vehicle
☐ Hair Pulling  ☐ Intimidation/Coercion  ☐ Stabbing  ☐ OTHER Suspect Actions: ___  ☐ Destroy/Take Property  ☐ Sharp Instrument
☐ Homicide  ☐ Kicking  ☐ Strangulation/"Choking"  ☐ Other: ___  ☐ Other: ___
 ☐ Punching  ☐ Suicide or Attempt

**Arrest Made?** ☐ Yes ☒ No

**Reasons arrest not made on-scene:** ☒ No Offense Committed ☐ No Probable Cause ☐ Suspect Off-Scene ☐ Warrant/Criminal Summons to be requested ☐ Violation level: not in police presence (no citizen's arrest) ☐ Other: ___

| Offenses | Law (e.g. PL) | Section (Sub) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

**Offenses Involved:** (check all that apply)
☐ Felony  ☐ Misdemeanor  ☐ Violation  ☐ Other (Specify)

Registry Checked? ☐ Yes ☐ No
Order of Protection? ☐ Yes ☐ No
Stay Away Order? ☐ Yes ☐ No
Order Violated? ☐ Yes ☐ No
Any PRIOR orders? ☐ Yes ☐ No

**OP Court Name:** ___
☐ Family ☐ Criminal ☐ Supreme
☐ Out of State ☐ Tribal
Expiration Date: Month ___ Day ___ Year ___

**Photos Taken?** ☐ Yes ☒ No
**IF YES, photos taken of:** ☐ Victim Injuries ☐ Suspect Injuries ☐ Scene ☐ Damaged Property ☐ Other: ___

**Other evidence collected?** ☐ Yes ☐ No  IF YES, describe: ___

**Results of investigation and basis of action taken.** (Were excited utterances, spontaneous admissions or spontaneous statements made?) ☐ Yes ☐ No (Complete 710.30 or other form when applicable)

P1 states that he and P2 are at the beginning stages of a divorce and P1 states that a watch of his is missing from a safe that he had ~~his wife~~ P2 shared. P1 further states that P2 had already removed her jewelry earlier in the day and believes she may have taken it by mistake along other jewelry that belongs to P1.

No guns in house.

**Any Guns in House?** ☐ Yes ☒ No  **Any Guns Seized?** ☐ Yes ☐ No  **Household Member Has Pistol Permit?** ☐ Yes ☐ No  **Permit Seized?** ☐ Yes ☐ No
Permit #(s): ___  Issuing County: ___  Name on Permit(s): ___

**Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment, or endangerment?** ☐ Yes ☐ No
IF YES, officer must contact the **NYS CHILD ABUSE HOTLINE REGISTRY # 1-800-635-1522**

**IS SUSPECT ON PAROLE OR PROBATION?** ☐ Probation ☐ Parole ☐ Not Supervised ☐ Status Unknown

**CONTACTS INITIATED BY POLICE:** ☐ Domestic Violence Services ☐ Child Protective Services (or ACS) ☐ Other Agency: ___

**Officer's Signature (& Rank):** ___  (PRINT and SIGN) Aniola  **I.D.:** 937344  Month 2 Day 15 Year 12

**Page:** 2

VICTIM / COMPLAINANT COPY — NYS DOMESTIC VIOLENCE HOTLINE ENGLISH: 1-800-942-6906 SPANISH: 1-800-942-6908 — 3221-05/2011 DCJS Copyright © 2011 by NYS DCJS

**Page 2 of the NYS Domestic Incident Report:**
**STATEMENT OF ALLEGATIONS / SUPPORTING DEPOSITION**

Suspect Name (Last, First, M.I.): Blakeman Rachel

I, _____ (victim/deponent name), state that on ___/___/___ (date) at _____
Yo, _____ (nombre de victima/deponente), declaro que en tal fecha ___/___/___ en _____

(location of incident), in the County/City/Town/Village of _____, of the state of New York, the following did occur:
(donde el incidente ocurrio), el condado/ciudad/aldea/pueblo de _____, del estado de Nueva York, lo siguiente occurio:

Refused

*(Use additional pages as needed)*

False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal Law.
Declaraciones falsas hechas aqui son castigables como una clase de delito menor, de acuerdo con la seccion 210.45 de la ley penal.

Victim/Deponent Signature / Firma de victima/deponente: [signature]    Date / Fecha:

Interpreter:    Date:

Witness or Officer: [signature]    Date: 2-15-12